CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 17 2017

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRELL E. FARLEY, | ) | Civil Action No. 7:15-cv-00352 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Darrell E. Farley, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and other various federal and Virginia laws. Plaintiff names staff of the Virginia Department of Corrections ("VDOC") and Dillwyn Correctional Center ("Dillwyn") as defendants. I had referred the parties' dispositive and non-dispositive motions to the magistrate judge for a Report and Recommendation. The magistrate judge has issued that report, recommending ruling in Defendants' favor. Plaintiff has since filed a document titled, "Motion for Leave to File an Amended Civil Complaint and Plaintiff's Alternative Objections to 'Report and Recommendation.'"[1] I have reviewed the Report and Recommendation, the transcript of the hearing before the magistrate judge, and the combined motion to amend and objections. For the following reasons, I deny the motion to amend, overrule the objections, adopt the Report and Recommendation, deny Plaintiff's motion for summary judgment, and grant Defendants' motion for summary judgment. I also grant Defendants' motion to substitute parties, join Marie Vargo as a defendant, and deny Plaintiff's motion for a preliminary injunction.

---

[1] Plaintiff had also filed a reply to Defendants' answer. However, I had not granted Plaintiff leave to file that reply, and thus, I do not consider it. See Fed. R. Civ. P. 12(a)(1)(C) (allowing a response to an answer only by leave of court); Sherrill v. Holder, No. 12-00489, 2013 U.S. Dist. LEXIS 190373, at *1, 2013 WL 11316921, at *1 (D. Az. June 25, 2013) ("This Court did not grant Plaintiff leave to file a reply to Defendant's Answer. Further, the Court does not find any basis to permit Plaintiff to file a reply to the Defendant's Answer in this case. As such, Plaintiff's Response to Defendant's Answer is stricken from the record.").

**I.**

I grant Defendants' motion to substitute Marie Vargo, the current Corrections Operations Administrator, for the official capacity claims against defendant Elizabeth Thornton. Defendant Thornton, the prior Corrections Operations Administrator, died while this action was pending. In accordance with Federal Rule of Civil Procedure 25, Vargo is substituted as the defendant for any official capacity claim against Thornton.

**II.**

Of the nineteen claims construed from the complaint, the magistrate judge recommended dismissing ten claims, in whole or in part, as plainly meritless.[2] The magistrate judge also recommended granting summary judgment to Defendants for three claims, in whole or in part, due to Plaintiff's failure to exhaust available administrative remedies.[3] Lastly, the magistrate judge recommended granting summary judgment to Defendants for the remaining claims because there is no genuine dispute of material fact and Defendants are entitled to judgment as a matter of law. Plaintiff filed the combined motion to amend and objections in response to the Report and Recommendation, and for the following reasons, I deny the motion to amend and overrule Plaintiff's objections.

**A.**

As to the motion to amend, Plaintiff states simply that he wants to add unspecified claims against a new, unidentified party. I find this request to be futile because it does not describe anyone or anything with sufficient specificity, and I refuse to grant leave to amend because it

---

[2] Specifically, the meritless claims are 1 (as to the Prison Rape Elimination Act), 3, 4, 7, 10, 13, 14, 15 (as to a victim advocate), 16, and 18.
[3] Specifically, the unexhausted claims are 1 (as to the Americans with Disabilities Act ("ADA")), 11 (as to due process under state law), and 15 (as to a religious advocate).

would cause undue delay and be unduly prejudicial to Defendants. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly, the motion to amend is denied.

**B.**

A district court must review de novo any part of a Report and Recommendation to which a party objects, and it must provide its independent reasoning when a party raises new evidence or a new argument in an objection. 28 U.S.C. § 636(b)(1)(C); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). The reasoning need not be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. See, e.g., United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). However, de novo review is not required when objections concern legal issues and not factual issues. See, e.g., Orpiano, 687 F.2d at 47. Similarly, de novo review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. A district court is also not required to review any issue when no party has objected. See, e.g., Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiff does not object to the disposition of most claims, and accordingly, I adopt the Report and Recommendation to that extent. Also, Plaintiff generally asserts, presumably in response to the magistrate judge's finding that three of nineteen claims were not exhausted, that he was prevented from exhausting administrative remedies. However, these general assertions, for the most part, "do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."[4] Accordingly, I adopt the Report and Recommendation to that extent, too.

---

[4] For example, Plaintiff complains generally not about the Report and Recommendation but instead how the Virginia Department of Corrections has not modified the wording or implementation of its grievance procedures.

3

Plaintiff does present a more specific objection about exhaustion, and consequently, I review that portion of the Report and Recommendation de novo. The magistrate judge reported that Plaintiff failed to exhaust parts of claim 1, 11, and 15 in accordance with 42 U.S.C. § 1997e(a). Specifically, claim 1 alleged in pertinent part that Defendants violated the ADA by excluding Plaintiff from the protection of those laws; claim 11 alleged in pertinent part that Defendants violated a state constitutional right to due process; and claim 15 alleged in pertinent part that Defendants violated the First and Fourteenth Amendments by denying him access to a religious advocate.

Plaintiff asserts that he mailed grievance forms to Dillwyn Correctional Center ("Dillwyn") and the grievances were returned to him in Dillwyn's envelope without being logged for an intake decision to be made. Plaintiff showed the magistrate judge the regular grievances allegedly mailed and returned without logging, and the magistrate judge questioned the authenticity of these documents. The magistrate judge explained:

> A review of the evidence also casts serious doubts on the authenticity of these documents submitted by Farley. Farley filed with the Court three regular grievances he claims to have submitted to Dillwyn on November 12, 2014, that were returned to him unanswered. One was initially undated when filed with the Court on September 9, 2016, ECF No. 45, at 25–26, but dated November 12, 2014, when submitted again a week later on September 15, 2016, ECF No. 47-1, at 13–14. The second is dated November 12, 2014, and has a blank intake form. Id. at 10–11. The third is identical to the regular grievance dated November 26, 2014, id. at 37, except that November 12 is written over the date and also is written near the top of the form, id. at 8. Sections for the intake response and appeal are marked, but unsigned, and the intake response is dated December 2, 2014, two weeks after Farley says the grievances were returned to him. Id. at 9. Notably, Farley also contends in his affidavit that the November 26, 2014, regular grievance was his attempt to comply with the grievance procedure by fixing a regular grievance from November 20, 2014, that had been rejected for containing insufficient information. See id. at 4 (explaining the contents of all his filings), 35–36 (the insufficient grievance from November 20, 2014, and the accompanying intake form).

4

(Report and Recommendation at 22 n.17.)

Looking at the content of the allegedly-filed grievances, the first grievance alleges not being afforded rights under the ADA. The second grievance complains about not being allowed to shower alone, asserts that Plaintiff should "benefit" from reporting his victimization per the ADA, and requests, inter alia, a religious advocate as relief. The third grievance asserts briefly that Plaintiff was "denied [his] ADA rights under PREA" and seeks as relief "to be allowed . . . ADA benefits regarding PREA. . . ." None of these three grievances would alert prison staff of a state law violation of due process. Accordingly, I agree with the magistrate judge that claim 11 is not exhausted.[5]

For the same reasons stated by the magistrate judge, I also do not find the three grievances authentic or to be as Plaintiff purports them to be.[6] Furthermore, I also do not find the two documents attached to the objection persuasive for the reasons Plaintiff asserts. The first page is a torn piece of a handwritten letter that has enough white space in the middle of the text to place two "Received" stamps from the Ombudsman Services Unit. The letter indicates Plaintiff sought to appeal two grievances that were allegedly returned to him via mail without having been logged for intake at Dillwyn. The second page is a copy of a typed letter sent to

---

[5] Although 42 U.S.C. § 1997e(a) does not apply to a claim based on state law, like claim 11, Virginia had enacted a similar provision at Virginia Code § 8.01-243.2. Compare 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . 42 U.S.C. 1983[], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."), with Va. Code § 8.01-243.2 ("No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted.").

[6] I note that a judge, and not a jury, may resolve questions about exhaustion of administrative remedies. See, e.g., Messa v. Goord, 652 F.3d 305, 308 (2d Cir. 2011); Drippe v. Tobelinski, 604 F.3d 778, 782 (3d Cir. 2010); Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010); Bryant v. Rich, 530 F.3d 1368, 1375-77 & n.15 (11th Cir. 2008); Pavey v. Conley, 544 F.3d 739, 741-42 (7th Cir. 2008); Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

5

Case 7:15-cv-00352-JLK-JCH   Document 56   Filed 03/17/17   Page 5 of 7   Pageid#: 1108

Plaintiff from the Ombudsman Services Manager. Notably, the typed letter explains that the Regional Ombudsman had upheld the intake determination of the facility ombudsman. Thus, the typed letter acknowledges that a grievance <u>was</u> logged and reviewed by the facility grievance coordinator, which contrasts with Plaintiff's assertion that it was never logged and kept "off the books."

Moreover, Defendants would be entitled to summary judgment for the three related claims even if Plaintiff had exhausted available administrative remedies. The record does not support Plaintiff's general, conclusory allegations that: he was denied benefits or services because of a disability that would be actionable under the ADA; he was guaranteed some nebulous assertion of due process under the Virginia Constitution, or he was entitled to a religious advisor. <u>See, e.g.</u>, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (recognizing a complaint needs and sufficient factual allegations to raise a right to relief above the speculative level and cannot rely on labels and conclusions); <u>Overton v. Bazzetta</u>, 539 U.S. 126, 132 (2003) (recognizing it is a plaintiff's burden to disprove the legitimacy of a prison regulation); <u>see also</u> Tr. (ECF No. 55) 161:21 – 162:1 (testimony noting the VDOC does not have a record of Plaintiff having a disability under the ADA). Accordingly, I overrule Plaintiff's objections and adopt the Report and Recommendation to grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment and motion for a preliminary injunction.

## III.

For the foregoing reasons, I grant Defendants' motion to substitute parties, deny Plaintiff's motion to amend, overrule Plaintiff's objections, adopt the Report and Recommendation, deny Plaintiff's motion for summary judgment and motion for a preliminary injunction, and grant Defendants' motion for summary judgment.

**ENTER**: This 17th day of March, 2017.

Senior United States District Judge